**\*\* E-filed March 31, 2011 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALLSTATE INSURANCE COMPANY,<br><br>   Plaintiff,<br>v.<br><br>SHUNK HUENG WANG, et al.,<br><br>   Defendants.<br>_____/ | No. C10-03459 JW (HRL)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL NON-PARTY DAVID WANG TO COMPLY WITH SUBPOENAS**<br><br>**[Re: Docket No. 20]** |

## BACKGROUND

Pursuant to this Court's diversity jurisdiction, Allstate Insurance Company ("Allstate") filed this declaratory judgment action against three defendants: (1) Shunk Hueng Wang ("Ms. Wang"); (2) Jie Hang Zhao ("Zhao"); and (3) Chuck Chiang ("Chiang").[1] Docket No. 1 ("Complaint"). These three defendants, plus Ms. Wang's son David Wang ("David"), are embroiled in an underlying tort action in California state court (the "Underlying Tort Action"). In that action, Zhao and Chiang, who are the plaintiffs there, allege that Ms. Wang and David are responsible for injuries they sustained in relation to a January 2, 2010 automobile accident. See Complaint, Ex. A ("Underlying Tort Complaint"). Pursuant to David's automobile and personal umbrella insurance policies with

---

[1] According to the complaint, Allstate is an Illinois corporation with its principal place of business in that state; Ms. Wang is, on information and belief, a resident of France; and both Zhao and Chiang are residents of California. Complaint at 2.

Allstate, Allstate has agreed to defend both Ms. Wang and David in the Underlying Tort Action.[2] Docket No. 22 ("Jordan Decl.") ¶ 6.

In this federal action, Allstate seeks a declaratory judgment that it owes no duty to defend or indemnify Ms. Wang in the Underlying Tort Action because she is not an "insured person" under David's umbrella policy. Complaint ¶¶ 16-21. So far, and despite its counsel's efforts, Allstate has not been able to locate and serve Ms. Wang, who Allstate believes is a resident of France. Docket No. 20 ("MTC") at 4-5 (citing Docket No. 23 ("Barnes Decl.") ¶¶ 2-13). Its previous efforts fruitless, Allstate sought to obtain her location from David through two subpoenas: the first required David to produce documents related to Ms. Wang's location by January 20, 2011, and the second required David to appear for deposition on February 3, 2011.[3] Barnes Decl, Exs. J (the "Document Subpoena"), K (the "Deposition Subpoena").

David did neither. Instead, on January 18, 2011, David and Ms. Wang filed their own suit against Allstate (and other defendants) in state court in which they allege that Ms. Wang is entitled to coverage under David's insurance policies. See Wang, et al. v. Allstate Ins. Co., et al., No. 1-11-cv-191982, Santa Clara County Superior Court (filed January 18, 2011). This new suit, they claimed in a letter to Allstate sent the next day, rendered Allstate's subpoenas to David in this action moot, so he did not produce any documents or appear for deposition. Barnes Decl., Ex. L; see also id., Exs. M, N.

Allstate now moves for an order compelling David to comply with the subpoenas it served on him. See MTC. David opposed the motion. Docket No. 27 ("Opp'n"). Pursuant to Civil Local Rule 7-1(b), the Court finds the matter suitable for determination without oral argument, and the April 5, 2011 hearing is vacated.

---

[2] Allstate agreed to defend Ms. Wang subject to a reservation of its right to dispute coverage under David's umbrella policy. Jordan Decl. ¶ 6.

[3] Allstate's Document Subpoena requested that David produce "ALL DOCUMENTS which reflect, reveal, show, contain or could lead to the discovery of residence address, business address, phone number (including a cellular or mobile number), email address, fax number, location or whereabouts of SHUNK HUENG WANG as of the date of this subpoena." Barnes Decl., Ex. J. And while Allstate's deposition subpoena did not specify any particular topics (see Barnes Decl., Ex. K), David has never objected to the vagueness of the subpoena; in fact, based on their papers, it appears that the parties acknowledge that Allstate wants to depose David about (1) his mother's whereabouts and (2) whether she resided in his household at the time of the underlying automobile accident.

2

**LEGAL STANDARD**

Rule 45 of the Federal Rules of Civil Procedure authorizes the issuance of a subpoena commanding a non-party to attend and testify; produce designated documents, electronically stored information, or tangible things in that non-party's possession, custody or control; or permit the inspection of premises. FED. R. CIV. P. 45(a)(1)(A)(iii). The scope of discovery through a Rule 45 subpoena is the same as that applicable to the other discovery rules. FED. R. CIV. P. 45 advisory committee's note (1970).

In that regard, parties may obtain discovery about any nonprivileged matter that is relevant to any party's claim or defense. FED. R. CIV. P. 26(b)(1). "Relevance under Rule 26(b)(1) is construed more broadly for discovery than for trial." Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc., 813 F.2d 1207, 1211 (Fed. Cir. 1987). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). Discovery is not unfettered, however. A court must limit the extent or frequency of discovery if it finds that: (a) the discovery sought is unreasonably cumulative or duplicative or can be obtained from a source that is more convenient, less burdensome or less expensive; (b) the party seeking discovery has had ample opportunity to obtain the information through discovery; or (c) the burden or expense of the discovery sought outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake, and the importance of the discovery in resolving those issues. FED. R. CIV. P. 26(b)(2)(C)(i)-(iii).

**DISCUSSION**

David was properly served with Allstate's subpoenas, and he has cited no legal authority for why he should not comply with them. Rather, David presents several practical reasons for why he should not have to do so.

His reasons are not compelling. First, Allstate's subpoenas are not "moot," as discovery has been stayed in David and Ms. Wang's new state court suit pending a full hearing on Allstate's motion to stay that case. See Docket No. 34 ("Martin Decl.") ¶ 6. Second, Allstate's subpoenas were timely served and their compliance dates were well within the fact discovery cutoff (July 25, 2011) set by Judge Ware in his scheduling order (Docket No. 16); Allstate did not fail to act diligently, as

David contends. Third, David's objections to the document subpoena — contained in a January 20, 2011 letter from his counsel to Allstate's counsel (Barnes Decl., Ex. M) but not mentioned in his opposition brief at all — are all boilerplate, unsupported, and/or groundless.[4] Since David has failed to provide any viable reason for why he should not comply with the subpoenas, this Court will grant Allstate's motion.

In a supplemental brief, filed without prior approval of this Court, David also makes two requests: (1) that this Court stay this action pending resolution of the Underlying Tort Action; and (2) should this Court require that his deposition proceed, that this Court limit the scope of his deposition to the topic of whether Ms. Wang was a member of his household for purposes of insurance coverage and prevent Allstate from questioning him about Ms. Wang's whereabouts. Docket No. 35 at 3-4. This Court refuses both of his requests. As for the first one, David has not directed his request to the proper decision-maker; it is for Judge Ware, as presiding judge, to decide whether to stay this action. And as for the second, Ms. Wang's location is relevant to this action and Allstate has sufficiently demonstrated that, despite its efforts, it has been unable to locate through other means.

---

[4] David objected to Allstate's document subpoena on the following grounds: (1) "[t]he time allowed for compliance is insufficient and unreasonable"; (2) "[t]he scope of the demand is overbroad, burdensome, and potentially seeks documents that are subject to legal protection, are confidential, and subject to laws of privacy"; (3) "[t]he demand is overbroad and burdensome, as described above, and harassing, and available to Allstate and its counsel, SNR Denton US LLP, by other means that impose less or no burden on non party David Wang"; (4) "[t]he demand seeks documents and information not reasonably related to the merits and substance of any disputed issue in the subject action"; and (5) "[a]ny need for information about [Ms. Wang], the person about which documents are sought, is moot, as she has brought an action against Allstate in the Superior Court of Santa Clara County, California (No. 111CV191982) to resolve the coverage issues; her lawsuit includes all the reasonably necessary parties, including those not joined by Allstate in this action." Barnes Decl., Ex. M. Regarding (1), David had ample time (9 days) to respond to Allstate's subpoena requesting only documents related to Ms. Wang's location. Regarding (2), (3), and (5), David has never explained how the documents requested are confidential or privileged, nor has he persuaded the Court that Allstate — which has been unable to locate Ms. Wang — has any other less burdensome way of learning of her location, especially since discovery has been stayed in the new state court suit. Finally, regarding (4), Ms. Wang's location is relevant and/or would lead to the discovery of admissible evidence in this case.

4

## CONCLUSION

Based on the foregoing, Allstate's motion is GRANTED. Wang shall respond to Allstate's document subpoena within 7 days from the date of this order. Wang also shall appear for his deposition within 21 days from the date of this order.[5]

**IT IS SO ORDERED.**

Dated: March 31, 2011



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[5] Within 7 days from the date of this order, the parties shall meet and confer to schedule a mutually convenient date and time to do so.

5

**C10-03459 JW (HRL) Notice will be electronically mailed to:**

| | |
|---|---|
| Aslan Bananzadeh | shawn.bananzadeh@snrdenton.com, adrienne.hankins@snrdenton.com |
| Christopher William Wood | cwood@dbbwlaw.com, kcoughlin@dbbwlaw.com |
| Emily S. Nozick | emily.nozick@snrdenton.com, gloria.courtney@snrdenton.com |
| Michael A. Barnes | michael.barnes@snrdenton.com, adrienne.hankins@snrdenton.com, cynthia.presley@snrdenton.com, deanna.arthur@snrdenton.com |
| Stanley Edward Pond | spond@pondlawfirm.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**